IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,135






EX PARTE GAMBINO ANGUIANO GUTIERREZ, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NUMBER 1311 IN THE 84TH JUDICIAL DISTRICT COURT

HANSFORD COUNTY




 Per Curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of the felony
offense of murder, and punishment was assessed at imprisonment for life. Applicant
appealed, and his conviction was affirmed. Gutierrez v. State, No. 07-02-00429-CR (Tex.
App. -- Amarillo, delivered June 23, 2004, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, after conducting a hearing and based upon an affidavit from appellate counsel,
recommended that relief be granted. The record reflects that counsel did not timely inform
Applicant that his conviction had been affirmed or that he could file a petition for
discretionary review from his conviction.

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 1311 from the
84th Judicial District Court of Hansford County. Applicant is ordered returned to the point
at which he can file a meaningful petition for discretionary review. For purposes of the
Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court of
Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to
see that his petition is filed in the Court of Appeals within thirty days of the date the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).


DELIVERED: April 13, 2005

DO NOT PUBLISH